lml/jw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GORDON CHARLES MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 06-4089-JAR |
| THE FOURTH JUDICIAL DISTRICT OF | ) |
| KANSAS, COFFEY COUNTY; CITY OF | ) |
| NEW STRAWN, KANSAS; STEVEN J. SMITH; | ) |
| and MARK A. PETTERSON, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Plaintiff Gordon Charles Myers's claim arises from the unsuccessful appeal of an action the City of New Strawn had successfully litigated against him regarding a tree house constructed in violation of City ordinance. This matter is before the Court on defendants' Motion to Dismiss (Doc. 3) on the basis of res judicata and collateral estoppel. For the reasons explained in detail below, the Court grants defendants' motion.

**I.     Procedural Background**

This lawsuit regards acts which took place in previous litigation. Plaintiff and his wife, Glenna Myers, constructed a tree house in violation of City ordinance. The City filed suit requesting injunctive relief, which was granted. The tree house was removed from the Myers's property and the City assessed a charge for the removal. The Myers's appeal to the Kansas Court of Appeals, Case No. 90747, was dismissed in an Order dated April 30, 2004, after Judge

Pierron denied their motion to correct the transcript and they subsequently failed to timely file their brief.  The Kansas Supreme Court refused to hear the Myers's appeal.

On July 5, 2005, the Myers filed a complaint pro se in federal district court alleging multiple claims including fraud, conversion, and conspiracy relating to the removal of the tree house and the ensuing appeal ("*Myers I*").[1]  *Myers I* named as defendants: The Supreme Court of Kansas, The Court of Appeals of the State of Kansas, The Fourth Judicial District of Kansas, Coffey County, The City of New Strawn, Kansas, attorney for New Strawn, Stephen J. Smith, and New Strawn mayor Mark A. Petterson, Kansas Appellate Judge G. Joseph Pierron, and attorney for Coffee County, Douglas P. Witteman.

The complaint in *Myers I* alleged that each of the defendants deprived plaintiffs of constitutional rights under color of law in violation of 42 U.S.C § 1983.  On February 1, 2006, this Court entered an order disposing of plaintiffs' claims.[2]  With respect to the Kansas court defendants, the Court granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[3]  The Court held that Eleventh Amendment and/or judicial immunity shielded the state government entities and officials from the lawsuit.[4]  The § 1983 allegations against the City of New Strawn, Mayor Petterson, and attorneys Smith and Witteman were dismissed under Fed. R. Civ. P. 12(b)(6) because the Court

---

[1]*Myers v. Supreme Court of the State of Kansas, et al.*, Case No. 05-4089-JAR (hereinafter "*Myers I*").

[2]*Myers v. Supreme Court of the State of Kansas, et al.*, Case No. 05-4089-JAR, 2006 WL 276399 (D. Kan. Feb. 1, 2006).

[3]*Id*. at *4.

[4]*Id.*

found insufficient facts to support any of the claims.[5]  The Court further ruled that any challenge

of a ruling of the Kansas courts was barred by the *Rooker-Feldman* doctrine.[6]  Finally, plaintiffs'

state law claims of malicious prosecution, slander, and conversion were dismissed without

prejudice pursuant to 28 U.S.C. § 1367.[7]  Plaintiffs did not appeal the dismissal order, nor did

they commence a new action in state court on the state law claims.

## II.    Plaintiff's Complaint

Because plaintiff appears pro se, the Court must remain mindful of additional

considerations.  A  pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than pleadings drafted by lawyers.[8]  Thus, if a pro se plaintiff's complaint can

reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court]

should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various

legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."[9]  However, it is not "the proper function of the district court to assume the role of

advocate for the pro se litigant."[10]  For that reason, the court should not "construct arguments or

theories for the plaintiff in the absence of any discussion of those issues,"[11] nor should it "supply

---

[5]*Id*. at *4-5.

[6]*Id*. at *5-6.

[7]*Id*. at *6.

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 1972)).

[9]*Id.*

[10]*Id.*

[11]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

3

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[12]

With these standards in mind, the Court summarizes plaintiff's Complaint as follows.

Plaintiff Gordon Myers, proceeding pro se, names as defendants the Fourth Judicial District, the City of New Strawn, Stephen J. Smith, and Mark A. Petterson.[13]  Plaintiff's allegations again stem from the dismissal of the state court appeal, Case No. 90747, in an Order dated April 30, 2004, and are a nearly identical, albeit abbreviated, version of the allegations made in *Myers I*.

Stephen J. Smith represented the City of New Strawn in the appellate process.  Smith was named as a defendant in the first complaint.  Plaintiff renews his allegation in *Myers I* that Smith did not come to the appellate courts with "clean hands" as his firm was involved in the allegedly sham incorporation of the City of New Strawn.

Mark A. Petterson is the mayor of the City of New Strawn.  Plaintiff again alleges that Petterson criminally conspired with others to convert plaintiff's personal property under color of law.  Plaintiff further alleges that Petterson wrongfully removed the tree house and utilized his authority as mayor to charge plaintiff a special assessment.  Plaintiff appears to renew the allegations against Petterson in *Myers I*, that is, that Petterson criminally conspired with others to convert plaintiff's personal property under color of law and that Petterson deprived him of his rights under color of law by "forbidding vigilante action."

Plaintiff asks the Court to try the instant Complaint "on the facts," and seeks damages for

---

[12]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[13]Glenna Meyers is not named as a plaintiff in the instant lawsuit.  Four of the original defendants are named in this suit.

4

slander in the amount of $350,000.

### III.    Rule 12(b)(6) Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[14]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[15]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[16]

On a Rule 12 (b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[17]  The court construes the allegations in the light most favorable to the plaintiff.[18]  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[19]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[20]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest

---

[14]Fed. R. Civ. P. 12(b)(6).

[15]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[16]*Mounkes v. Conklin*,  922 F.Supp. 1501, 1506 (D. Kan. 1996) (quotation omitted).

[17]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[18]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[19]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[20]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

of justice.[21]

## IV.    Analysis

Defendants assert that the Court should dismiss plaintiff's complaint under Rule 12(b)(6) because the doctrine of res judicata bars each of plaintiff's claims.  Res judicata includes both claim preclusion and issue preclusion.[22]  Issue preclusion, or collateral estoppel, prevents relitigation of an issue by a party against whom the issue has been conclusively determined in a prior action.[23]  By contrast, claim preclusion prevents parties or their privies from relitigating a cause of action that has been finally adjudicated by a court of competent jurisdiction.[24]  It also applies to claims that should have been litigated in the first action but were not.[25]  Res judicata has been defined as "a rule of fundamental and substantial justice that enforces the public policy that there be an end to litigation."[26]  "By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action."[27]  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[28]  "'Stated alternatively', under the doctrine of res

---

[21]*Id.*

[22]*Zhu v. St. Francis Health Center*, 413 F. Supp. 2d 1232, 1239 (D. Kan. 2006).

[23]*Id.* (citations omitted).

[24]*Id.* (citations omitted).

[25]*Id.* (citations omitted).

[26]*May v. Parker-Abbott Transfer and Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir. 1990) (citations omitted).

[27]*Id.* (citing *Montana v. United States*, 440 U.S. 147 (1979)).

[28]*Allen v. McCurry*, 449 U.S. 90, 94 (1980).

judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."[29]

Res judicata is an affirmative defense on which defendant has the burden of proof.[30]  For the doctrine to apply, four elements must exist: (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity for plaintiff to litigate the claim in the first suit.[31]

The Court finds that as a matter of law, plaintiff's claims are barred.  The first two elements of res judicata are clearly met.  The prior suit ended with a judgment on the merits and the parties are the same or in privity.  The Court's order granting defendants' motion to dismiss and for judgment on the pleadings in the prior case is a final judgment on the merits.  Plaintiff's federal claims were clearly denied with prejudice and the Court declined supplemental jurisdiction over the state law claims.  Plaintiff contends that the Court dismissed his previous claims without prejudice, and thus the Court should entertain a filing of the same claims in a different case.  Plaintiff has misread the Court's prior ruling.  The Court declined supplemental jurisdiction over the remaining state law claims for malicious prosecution, slander and conversion, giving plaintiffs the opportunity to commence a new action in *state court*.  Dismissal of the state law claims without prejudice does not mean that plaintiff may commence a new action involving these claims in this Federal District Court.

As to the third element, the Tenth Circuit applies the transactional approach of the

---

[29]*Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (quotations omitted).

[30]*See* Fed. R. Civ. P. 8(c); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1256 (10th Cir. 1997).

[31]*Nwosun*, 124 F.3d at 1257.

Restatement (Second) of Judgments § 24 (1982) in order to determine what constitutes a single 'cause of action' in any given case.[32]  Under this test, the courts preclude claims "arising out of the same 'transaction, or series of connected transactions' as a previous suit."[33]  "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations of business understanding or usage.'"[34]  "Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories."[35]

In this case, the "transaction" is the removal of plaintiff's tree house and the lawsuits and appeals resulting therefrom.  The claims in the first case and the instant case are based on this transaction in that the claims in each case stem from the alleged constitutional and criminal violations committed by defendants during the course of removing plaintiff's tree house.  The only difference between the two suits is plaintiff's insertion of a claim for unlawful tax assessment, which was assessed during the previous litigation.  Plaintiffs filed a motion for preliminary injunction in *Myers I* to prevent this assessment, and defendants responded.  This Court denied the Motion for Temporary Restraining Order as moot.[36]  The Court finds that the instant tax assessment claim stems from the same transaction and thus, such a claim would be

---

[32]*Clark*, 953 F.2d 1238.

[33]Restatement (Second) of Judgments § 24 (1982).

[34]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quotations omitted).

[35]*Clark*, 953 F.2d at 1238 (citations omitted).

[36]*Myers I*, Case No. 05-4089-JAR, 2006 WL 276399, *6 (D. Kan. Feb. 1, 2006).

8

precluded by res judicata, as it is a claim that could have been raised in the prior action.[37]  The relevant facts as to time, space, origin and motivation were available at the time of plaintiff's original filing to try all claims in one case.  Because plaintiff has brought a successive action based on the same transaction in the first case, the third element of res judicata has been satisfied.

Finally, the Court must evaluate whether plaintiff had a full and fair opportunity to litigate the claims before a court with authority to adjudicate the merits of those claims.  A "full and fair opportunity" means there is no "reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."[38]  Here, plaintiff had a full and fair opportunity to litigate in the first action his claims that defendants violated his rights under the Constitution and a variety of federal criminal statutes.  Plaintiff cites no reason to cast doubt upon the full and fair opportunity to litigate his claims before this Court in the first action.  Because plaintiff's claims were or could have been raised in the prior action, he cannot bring them again in this subsequent action.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 3) is GRANTED.

IT IS SO ORDERED.

Dated this 3rd day of April 2007.

---

[37]In addition, the Court questions whether this is the proper forum for plaintiff to initiate a dispute of the special tax assessed by the City for removal of the tree house.  K.S.A. § 12-6a01 establishes the mechanism to challenge a special assessment by seeking an injunction in state court.  Regardless, the basis upon which plaintiff submits the tax assessment claim is under 18 U.S.C. § 242.  This Court previously ruled that statute affords no basis for a civil cause of action.  *Myers I*, 2006 WL 2276399 at *3.

[38]*Montana v. United States*, 440 U.S. 147, 164 n.11 (1979).

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge